UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JAMES MICHAEL EVANS, SR.,    )
                             )
        Plaintiff,            )
                             )
    v.                       )    No. 1:05CV78(LMB)
                             )
DANA WEIS, et al.,           )
                             )
        Defendants.           )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James Michael Evans, Sr. for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Dana Weis, an assistant prosecuting attorney for Scott County, Missouri; the Honorable David A. Dolan, Circuit Judge for the Thirty-Third Judicial Circuit (Scott County); William "Bill" Ferrell, Sheriff for Scott County; Deputy Derrick Wheatley; Paul Boyd, an assistant prosecuting attorney for Scott County.

Liberally construing the complaint and attached exhibits, plaintiff plead guilty to criminal non-support of his children and

received a suspended imposition of sentence. Alleging that the defendant failed to pay the arrearage as required by the terms of his probation, defendants Weis and Boyd sought to have plaintiff's probation revoked. Defendant Dolan presided over the revocation proceedings. Plaintiff claims he was denied due process of law in connection with the revocation proceedings. In addition, plaintiff alleges that he was denied a handicap equipped cell, various medical aids (back support, orthopedic pillow, orthopedic mattress) and that defendants Wheatley and Ferrell negligently gave him the wrong medication on several occasions while confined in the Scott County Jail.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Defendants Weis and Boyd are absolutely immune from liability for damages under 42 U.S.C. § 1983 for actions taken in initiating criminal prosecution and presenting the state case. Imbler v. Pachtman, 424 U.S. 409, 431-32 (1976); White v. Bloom, 621 F.2d 276, 280 (8th Cir. 1981) (same holding in suit brought under §§ 1983 and 1985); see also Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987) (allegations that prosecutor presented false testimony or withheld evidence do not defeat immunity). Judge Dolan is absolutely immune from a § 1983 suit for damages for actions taken in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

With regard to plaintiff's claims concerning the denial of a handicap equipped cell and medical aids, plaintiff has failed to allege how the named defendants are directly involved in or personally responsible for the alleged deprivation of rights. <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Glick v. Sargent</u>, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Finally, plaintiff's complaint alleges only negligent conduct in dispensing his medication. Mere negligence in treating a medical condition does not state a constitutional violation. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 18th day of October, 2005.

                                                                **UNITED STATES DISTRICT JUDGE**